**Baljit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70075.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Linda S. Wernery, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM **

Baljit Singh, a native and citizen of India, petitions for review from the Board of

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' (Board) order summarily affirming an immigration judge's (IJ) denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), and deny the petition.

We need not reach the credibility issue. Assuming, without deciding, that Singh testified credibly, established that he suffered past persecution, and was entitled to a presumption of a well-founded fear of future persecution, *see* 8 C.F.R. § 208.13(b)(1), the Immigration and Naturalization Service rebutted this presumption by showing by a preponderance of the evidence that there has been a fundamental change in circumstances such that Singh no longer has a well-founded fear of future persecution. *See id.* § 208.13(b)(1)(i)(A).

The IJ concluded that Singh's claim that he feared future persecution was refuted by evidence in the record, such as the State Department's "Addendum to the India Country Profile—July 1997" (1997 Addendum). The IJ stated that the 1997 Addendum "sets forth ... that the law-and-order situation in Punjab is by all accounts 'essentially normal.'" The IJ also stated that "according to the report, '[t]here is no evidence that Sikhs or Sikh particularists face harassment, mistreatment or persecution merely on the basis of their religion or political opinions.'" Thus, the 1997 Addendum establishes by a preponderance of the evidence that Sikhs (and thus Singh) no longer face persecution in the Punjab (where Singh had lived) due to religion or political opinion. The IJ's analysis of how changed country con-

ditions affected Singh's specific situation was sufficiently individualized to provide substantial evidence for its conclusion that Singh failed to establish eligibility for asylum. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–99 (9th Cir.2003).

It follows that petitioner did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

We do not consider petitioner's contention that he is entitled to relief under the Convention Against Torture because he failed to exhaust this issue before the Board. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

PETITION FOR REVIEW DENIED.